JOHN L. BURRIS, Esq. (SBN 69888)
DeWITT M. LACY, Esq. (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
T: (510) 839-5200
F: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff
**JAMI TILLOTSON**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMI TILLOTSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN FRANCISCO; a municipal corporation; GARY BUCKNER, in his individual capacity and his capacity as a sergeant for the SAN FRANCISCO Police Department; DOUGLAS FARMER, in his individual capacity and his capacity as a sergeant for the SAN FRANCISCO Police Department, BRIAN STANSBURY, in his individual capacity and his capacity as a sergeant for the SAN FRANCISCO Police Department; PATRICK WOODS, in his individual capacity and his capacity as an officer for the SAN FRANCISCO Police Department; MATTHEW ENG; in his individual capacity and his capacity as an officer for the SAN FRANCISCO Police Department;  BRIAN KNEUKER, in his individual capacity and his capacity as an officer for the SAN FRANCISCO Police Department; and DOES 1 to 25, inclusive, joint and severally, in their individual capacities and their capacities as police | Case No:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[JURY TRIAL DEMANDED]** |

_____
COMPLAINT FOR DAMAGES

officers for the SAN FRANCISCO Police Department,

        Defendants.

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the First and Fourth Amendments to the United States Constitution, under California Civil Code § 52.1, and under the common law of California. This action is against CITY OF SAN FRANCISCO, SERGEANT GARY BUCKNER, SERGEANT DOUGLAS FARMER, SERGEANT BRIAN STANSBURY, MATTHEW ENG, PATRICK WOODS, BRIAN KNEUKER, and DOES 1-25, inclusive.

2. It is also alleged that these violations and torts were committed due to the actions of the above mentioned officers of the San Francisco Police Department.

## VENUE AND JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the state of California, which is within this judicial district.

## PARTIES

4. At all times mentioned herein, JAMI TILLOTSON (hereinafter "Plaintiff") was and is a resident domiciled in the state of California, and a United States Citizen.

5. Defendant CITY OF SAN FRANCISCO (hereinafter "CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the San Francisco Police Department.

6. At all times mentioned herein, Defendant SERGEANT GARY BUCKNER (hereinafter "BUCKNER") is and at all times herein mentioned a sergeant of the CITY Police Department.

- 2 -

COMPLAINT FOR DAMAGES

7.  At all times mentioned herein, Defendant SERGEANT DOUGLAS FARMER (hereinafter "FARMER") is and at all times herein mentioned a sergeant of the CITY Police Department.

8.  At all times mentioned herein, Defendant SERGEANT BRIAN STANSBURY (hereinafter "STANSBURY") is and at all times herein mentioned a sergeant of the CITY Police Department.

9.  At all times mentioned herein, Defendant PATRICK WOODS (hereinafter "WOODS") is and at all times herein mentioned an officer of the CITY Police Department.

10. At all times mentioned herein, Defendant MATTHEW ENG (hereinafter "ENG") is and at all times herein mentioned an officer of the CITY Police Department.

11. At all times mentioned herein, Defendant BRIAN KNEUKER (hereinafter "KNEUKER") is and at all times herein mentioned an officer of the CITY Police Department.

12. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

13. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

14. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions

alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

15. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTUAL ALLEGATIONS

16. The incident took place on January 27, 2015 at approximately 2 p.m. in San Francisco, California at the Hall of Justice located at 850 Bryant Street. Plaintiff was in Department 17 of the San Francisco Courthouse in her role as a Deputy Public Defender. Plaintiff was interviewing a client in the holding tank when another attorney informed her that one of her clients was being interrogated in the corridor just outside of the courtroom.

17. Plaintiff was concerned that her client was being questioned without the benefit of counsel, Plaintiff excused herself from the holding tank and made her way to the location where her client was being detained. As she entered the hallway, Plaintiff saw her client and his co-defendant standing with their backs against the wall. They were surrounded by six San Francisco Police Officers identified as Officers BUCKNER, FARMER, WOODS, ENG, KNEUCKER and STANSBURRY.

18. Defendant STANSBURY was questioning the two individuals when Plaintiff approached. Unsure of the circumstances surrounding the questioning, Plaintiff introduced herself to STANSBURY, identified herself as counsel, and inquired as to the basis for the detention. Defendant STANSBURY remarked that his questioning of Plaintiff's clients was a "police investigation." With that information, Plaintiff approached her client in order to explain his rights under detention.

19. At this point, Defendant STANSBURY began taking photographs of the two men. When Plaintiff objected to her client being publicly photographed, Defendant STANSBURY demanded that she, "step aside or we will arrest you." Then, he asked Plaintiff Do you want us to arrest you?" Plaintiff replied, "Please do." Defendant Stansbury then proceeded to place Plaintiff in handcuffs while she again asserted that she was present in her role as counsel.

- 4 -
_____
COMPLAINT FOR DAMAGES

20.     Defendant KNEUKER led Plaintiff through the corridor where she was placed in the holding tank in Southern Station. While escorting her to the holding tank, KNEUKER gripped Plaintiff's arm in an overly aggressive manner and began to shout at her. Plaintiff remained handcuffed to the holding tank for the next hour despite numerous requests that the handcuffs be removed.

21.     Plaintiff lives in a state of embarrassment. Her reputation as a professional has been irreparably harmed. As a result of her wrongful arrest and wrongful detention, she suffered anxiety, humiliation, and the loss of a sense of security, dignity, and pride as a United States Citizen.

## DAMAGES

22.     As a proximate result of Defendants' conduct, Plaintiff suffered injuries from the officers' wrongful arrest, detention, and use of excessive force. As a further proximate result of Defendants' conduct, Plaintiffs incurred damages caused by the assault, and battery by Defendant officers and DOES 1-25. Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

23.     The conduct of defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and award of punitive damages against said defendants.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

COMPLAINT FOR DAMAGES

25. The Defendant Officers' conduct violated the Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendants' above-described conduct, wherein it is alleged that officers' detained Plaintiff without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Defendants' above-described conduct, wherein it is alleged that officers arrested Plaintiff without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

_____
COMPLAINT FOR DAMAGES

FOURTH CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

30.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29 of this Complaint.

31.     Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION

(Conspiracy to Violate Plaintiff's Civil Rights)

(42 U.S.C. §1985)

(Against BUCKNER, FARMER, WOODS, ENG, KNEUCKER, STANSBURRY and DOES 1 to 10)

32.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint.

33.     In doing the acts complained of herein, Defendants acted in concert and conspired to violate Plaintiff's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

34.     Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same.  None of the Defendants attempted to prevent and/or stop the violation of the Plaintiff's civil rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION

(Monell)

_____
COMPLAINT FOR DAMAGES

(42 U.S.C. §1983)

(Against CITY, and DOES 11 to 25)

35.Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36.As against Defendants CITY, and/or DOES 11-25 and/or each of them, individually and/or in their capacities as official policy-maker(s) for CITY, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

37.Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY and DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by San Francisco Police Department officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

38.Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants CITY and DOES 11-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by San Francisco Police Department officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

39.Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold

_____
COMPLAINT FOR DAMAGES

officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

40. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY and DOES 11-25, and/or each of them, resulted in the deprivation of the constitutional rights of the Plaintiff, including, but not limited to, the following:

    a. the right to be free from unreasonable searches and/or seizures; and/or,

    b. the right to equal protection of the law,

    c. the right to enjoy civil and statutory rights,

    d. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

41. As a result of the violation of their constitutional rights by defendants, CITY and/or DOES 11-25 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

43. Defendants' above-described conduct was extreme, unreasonable and outrageous.

44. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of defendants conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES

## EIGHTH CAUSE OF ACTION

(Violation of Decedent's Right To Enjoy Civil Rights)

(Violation of CALIFORNIA CIVIL CODE §52.1)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

46. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

(Assault And Battery)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

(Negligence)

(Against STANSBURY, KNEUKER, and DOES 1 to 10)

49. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants STANSBURY, KNEUKER, and DOES 1 to 10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants STANSBURY, KNEUKER, and DOES 1 to 10 were acting within the course and scope of their employment and/or agency with Defendants CITY.

51. STANSBURY, KNEUKER, and DOES 1 to 10 negligently and without due care, and without cause or provocation handcuffed Plaintiff. The handcuffing of Plaintiff was unjustified as there were no facts or circumstances which warranted the use of any force at the time.

52. The handcuffing of Plaintiff occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

### DEMAND FOR PUNITIVE DAMAGES

53. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully alleged here.

54. Defendants' above-described statements and actions were at all times engaged in with malice, oppression or fraud, particularly when they handcuffed JAMI TILLOTSON with the intention of causing injury to her or with reckless disregard for the possibility that they would injure her.

55. Defendants' intentional or reckless use of force of a defenseless citizen who was cooperating with officers was despicable and warrants punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;

COMPLAINT FOR DAMAGES

3. For punitive damages, according to proof;

4. For violation of California Civil Code Sections 52.1, statutory damages, and reasonable attorney's fees;

5. For violation of California Civil Code Section 52(b), punitive damages against Defendant agents and/or officers, $25,000.00 for each offense and reasonable attorney's fees;

6. For statutory damages, according to proof;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  September 2, 2015           **THE LAW OFFICES OF JOHN L. BURRIS**

_/s/ DeWitt M. Lacy_____
DeWitt M. Lacy
Attorney for Plaintiff

Dated: September 2, 2015

_/s/ John L. Burris_____
John L. Burris
Attorney for Plaintiff

- 12 -

COMPLAINT FOR DAMAGES