LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

**John L. Burris**
**Ben Nisenbaum**
**Adanté D. Pointer**
**DeWitt M. Lacy**
**Lateef H. Gray**
**James A. Cook**
**Melissa C. Nold**

john.burris@johnburrislaw.com
bnisenbaum@gmail.com
adante.pointer@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
lateef.gray@johnburrislaw.com
james.cook@johnburrislaw.com
melissa.nold@johnburrislaw.com

July 22, 2016

The Honorable Donna M. Ryu
U.S. District Court – Northern District
Crtrm 4, 3rd Floor
1301 Clay St.
Oakland, CA 94612

    Re: **Tillotson v. City of San Francisco, et al.**; Case No. 4: 15-cv-04014-DMR

Dear Magistrate Judge Ryu:

  Pursuant to your Standing Order, the parties file this joint letter regarding a discovery dispute. Plaintiff, Jami Tillotson (hereinafter "Plaintiff"), hereby requests discovery relief as outlined below.

  Plaintiff's counsel, DeWitt M. Lacy, met and conferred with Defendants' counsel, Margaret Baumgartner, via telephone conference on July 15, 2016.  Ultimately, the parties were unable to resolve this dispute through their meet and confer efforts. Fact and expert discovery share a deadline of September 15, 2016. The Dispositive Motion Deadline is currently set for November 10, 2016 at 11:00 a.m. Thereafter, the Pre-Trial Conference is scheduled for February 15, 2017 at 3:00 p.m.  Trial is presently scheduled for 5 days, beginning on March 14, 2017.

**Plaintiffs' Position**
DISPUTED ISSUE:
  Plaintiff filed this § 1983 action against the City of San Francisco, Gary Buckner, Douglas Farmer, Brian Stansbury, Patrick Woods, Matthew Eng, and Brian Kneuker on September 2, 2015. The action concerns the events that occurred on January 27, 2015 wherein Plaintiff was falsely arrested.  On April 18, 2016 Plaintiff served Defendants with Requests for Production of Documents, Set One.  Defendants subsequently sent inadequate responses on May 12, 2016 without producing any documents.  On June 22, 2016, Plaintiff sent a Meet and Confer Letter to address Defendants' deficient responses.  Specifically, the parties disagree on whether Defendants must produce personnel files, internal affairs histories, fitness for duty tests, and any documents pertaining to prior use of force and incidents of false arrests.

  In an effort to resolve this dispute, Mr. Lacy agreed the production of documents pertaining only to Defendants Kneuker and Stansbury, rather than all Defendants, would satisfy Plaintiffs requests. That offer remains and Plaintiff demands further responses only for Requests Nos. 20,

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

23, 50, 53, 32, 35, 44, 45, 64, and 67. The parties agree Defendants must produce documents regarding prior uses of force and false arrests for Defendants Kneuker and Stansbury from January 27, 2010 to the present.  Ms. Baumgartner contends Defendants are not required to produce investigators notes which include the thoughts, impressions, and conclusions of investigators, but represented Defendants would conduct research to determine whether such redaction is legally proper.  To date, Ms. Baumgartner has not provided any legal authority to support her contention. Defendants have also failed to produce any documents which they have previously admitted are relevant, responsive, and discoverable.  The parties were unable to reach an agreement regarding the discovery of fitness for duty tests. The requests at issue read as follows:

**Request No. 20, 23:** ANY and ALL DOCUMENTS that comprise or are part of the PERSONNEL FILES OF Defendant BRIAN STANSBURY and BRIAN KNEUKER, including disciplinary records, and ANY other DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO pertaining to Defendant BRIAN STANSBURY'S and BRIAN KNEUKER'S hiring, training, duties, performance, assignments, and mental and physical conditions.

**Request No. 50, 53:** Copies of ANY and ALL DOCUMENTS not protected by attorney work product or attorney-client privilege that, RELATE TO ANY complaints of use of force against Defendants BRIAN STANSBURY that are not included in his PERSONNEL FILE.

**Request No. 32, 35:** ANY and ALL DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO RELATING to Defendants BRIAN STANSBURY's and BRIAN KNEUKER's fitness for duty test.

**Request No. 44, 45:** ANY and ALL DOCUMENTS not protected by attorney work product or attorney-client privilege that, PERTAIN TO Defendants BRIAN STANSBURY and BRIAN KNEUKER, and his use of force in the course of performing his duties as officer for the CITY & COUNTY OF SAN FRANCISCO POLICE DEPARTMENT from five years prior to the INCIDENT up and until the date of production.

**Request No. 64, 67:** Copies of ANY and ALL DOCUMENTS not produced by attorney work product or attorney-client privilege that, RELATE TO ANY complaints of false arrest against Defendants BRIAN KNEUKER and BRIAN STANSBURY.

  Defendants allege that the above requests are protected by the right to privacy and the official information privilege, and have stated that they do not believe that they are required to produce a privilege log. As of the date of this letter, Defendants have not provided a privilege log in accordance to Section 15 of the Court's standing order. The Defendants' continued refusal to produce the responsive documents or the required privilege log has put the discovery process at a standstill and is the impetus for this joint discovery letter.

APPLICABLE LAW:
  Pursuant to Rule 26(b) of the F.R.C.P. and Ninth Circuit case law, a party refusing to produce relevant documents based on an asserted privilege must provide sufficient information to

AIRPORT CORPORATE CENTRE • 7677 OAKPORT STREET, SUITE 1120 • OAKLAND, CA 94621 • TEL (510) 839-5200 • FAX (510) 839-3882

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

enable other parties to evaluate the applicability of the claimed privilege or protection. *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1148 (9th Cir. 2005). The assertion of privilege must be "more specific than a generalized, boilerplate objection." *Id.* The purpose of this standard is to "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Burlington N.*, 408 F.3d at 1148. Defendants have failed to meet this standard and continue to assert that they are not required to produce a privilege log and have not provided specific privilege assertions.

Additionally, the requested documents that Defendants refuse to produce are regularly requested and discovered. Courts have determined that information contained in internal affairs documents is relevant and not overbroad in § 1983 cases. *See Soto v. City of Concord*, 162 F.R.D. 603 (1995); *see also Reid v. Cumberland County*, 34 F. Supp. 3d 396 (2013). Internal affairs information that has specifically been found discoverable include complaints of excessive force, names of officers involved, witnesses identified, and findings and conclusion related to the incident which is the subject of the suit. *Soto v. City of Concord*, 162 F.R.D. 603, 611 (1995).

Defendants also claim the official information privilege in their refusal to produce the requested documents and in their refusal to produce a privilege log. However, the official information privilege is expressly conditional, not absolute. *Marylander v. Superior Court*, 81 Cal.App.4th 1119, 1126 (2000). The level of protection afforded by this privilege is determined by courts on a case by case basis wherein courts will balance the interests of the party seeking discovery against interests of the public entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (1995). Furthermore, "in the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Id.* citing *Kelly v. City of San Jose*, 114 F.R.D 653, 661 (1987). In order to even begin balancing the parties' interests and making the appropriate determinations, however, Defendants must produce a privilege log.

REQUESTED ORDER:
Plaintiff respectfully requests this Court order Defendants to either produce documents responsive to Request for Production Nos. 20, 23, 50, 53, 32, 35, 44, 45, 64, and 67, or produce a privilege log.

**Defendants' Position**

**Documents related to misconduct complaints and discipline.**

After discussion, the parties agreed that the City would produce the investigative file for any complaints made against Officer Knueker and Sgt. Stansbury related to the use of force or false arrest from five years prior to the incident pursuant to a protective order. During the meet and confer, defendants indicated that the thoughts, impressions and conclusions of the investigator would be redacted, but that counsel needed to do further research. In an email dated July 20, counsel indicated that it would produce those items as well. It is the City's understanding that there are no further disputes regarding the requests for this type of document.

AIRPORT CORPORATE CENTRE • 7677 OAKPORT STREET, SUITE 1120 • OAKLAND, CA 94621 • TEL (510) 839-5200 • FAX (510) 839-3882

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

Defendants have requested documents from the necessary Departments so that the appropriate files can be identified, copied, and processed. Defendants will work expeditiously with the various departments. The response will most likely include thousands of documents that will need to be reviewed and redacted.

**"Personnel Files" and "Fitness for Duty" Documents**

On Friday, July 22, 2016 the parties talked on the phone regarding these requests. Defendants explained that personnel files are administrative files that do not contain any types of information that would be relevant to this matter. Plaintiff's counsel eventually indicated that he wished to receive records regarding the actual pay received by the officers, the dates of promotion for Sgt. Stansbury, his qualification for promotion, and the dates of transfers of assignments and the reasons for those transfers. Defendants counsel indicated that she would talk to the Department about what records may exist that would have that information.

The parties also discussed plaintiff's request for "fitness for duty" evaluations. Plaintiffs' counsel indicated that he was looking for records that would reflect some type of psychological disorder. The City's counsel stated that although a psychological examination is part of the initial application process, but there are no other tests given. Plaintiff's counsel indicated that he was not looking for the raw test data. Defendants' counsel continued to indicate that she believes that this information would be protected by the Officer's right to privacy, but she would ask the Department what results the Department gets for those types of examinations.

Plaintiffs' counsel did not identify any other type of information sough. He continued to assert that the City should be providing a privilege log for all the documents contained in plaintiffs' "personnel file." It is defendants' position that given the over-breadth of the scope of the request, a privilege log would be premature.

Defendants are not aware of any other dispute. Defendants believe that until they can follow up on this morning's meet and confer, any hearing by the Court would be premature.

## TEXT OF REQUESTS AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 20:**

ANY and ALL DOCUMENTS that comprise or are part of the PERSONNEL FILES OF Defendant BRIAN STANSBURY, including disciplinary records, and ANY other DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO pertaining to Defendant BRIAN STANSBURY'S hiring, training, duties, performance, assignments, and mental and physical condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous, and seeks confidential employment information in violation of the officer's state and federal constitutional rights to privacy. Calif. Const. Art. I, § 1; U.S. Const. Amend. IV. Defendant further objects on the grounds that it seeks information protected by the official information privilege. No documents will be produced.

AIRPORT CORPORATE CENTRE • 7677 OAKPORT STREET, SUITE 1120 • OAKLAND, CA 94621 • TEL (510) 839-5200 • FAX (510) 839-3882

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

**REQUEST FOR PRODUCTION NO. 23:**

ANY and ALL DOCUMENTS that comprise or are part of the PERSONNEL FILES OF Defendant Brian Kneuker, including disciplinary records, and ANY other DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO pertaining to Defendant BRIAN KNEUKER'S hiring, training, duties, performance, assignments, and mental and physical condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this request on the grounds that it is overly broad, vague and ambiguous, and seeks confidential employment information in violation of the officer's state and federal constitutional rights to privacy. Calif. Const. Art. I, § 1; U.S. Const. Amend. IV. Defendant further objects on the grounds that it seeks information protected by the official information privilege. No documents will be produced.

**REQUEST FOR PRODUCTION NO. 32:**

ANY and ALL DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO RELATING to Defendant BRIAN STANSBURY's fitness for duty test.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this request on the grounds that it is overly broad, duplicative, the phrase "fitness for duty test" is vague and ambiguous, and it seeks confidential employment information in violation of the officer's state and federal constitutional rights to privacy. Calif. Const. Art. I, § 1; U.S. Const. Amend. IV. Defendant further objects on the grounds that it seeks information protected by the official information privilege. Defendant further objects on the grounds that it seeks documents that Defendant cannot produce because they are subject to copyright restrictions. Defendant invites Plaintiff to meet and confer to determine if there are other documents that Plaintiff believes are encompassed by this request.

**REQUEST FOR PRODUCTION NO. 35:**

ANY and ALL DOCUMENTS in the possession of the CITY & COUNTY OF SAN FRANCISCO RELATING to Defendant BRIAN KNEUKER's fitness for duty test.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this request on the grounds that it is overly broad, duplicative, the phrase "fitness for duty test" is vague and ambiguous, and it seeks confidential employment information in violation of the officer's state and federal constitutional rights to privacy. Calif. Const. Art. I, § 1; U.S. Const. Amend. IV. Defendant further objects on the grounds that it seeks information protected by the official information privilege. Defendant further objects on the grounds that it seeks documents that Defendant cannot produce because they are subject to copyright restrictions. Defendant invites Plaintiff to meet and confer to determine if there are other documents that Plaintiff believes are encompassed by this request.

///
///
///
///

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

        Sincerely,

        __/s/ DeWitt M. Lacy_____
        DeWitt M. Lacy
        Attorneys for Plaintiff


        City and County of San Francisco

        */s/ Margaret Baumgartner*_____
        Margaret W. Baumgartner
        Attorneys for Defendant


I affirm that Defendants' counsel has consented to the electronic filing of this document on Defendants' behalf.

Dated: July 21, 2016                                     The Law Offices of John L. Burris

                                                     */s/ DeWitt M. Lacy*_____
                                                     DeWitt M. Lacy
                                                     Attorney(s) for Plaintiff