UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMI TILLOTSON,

    Plaintiff,

    v.

CITY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 15-cv-04014-DMR

**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**

Re: Dkt. Nos. 44, 57

### I.    PLAINTIFF'S MOTIONS TO SEAL

Pursuant to Civil Local Rule 79-5(d), Plaintiff Jami Tillotson moves to file under seal certain exhibits attached to the October 6, 2016 and October 20, 2016 declarations of DeWitt Lacy submitted in connection with the parties' cross motions for summary judgment (Docket Nos. 49 and 60). [Docket Nos. 44, 57 (Pl.'s Mots. to Seal).] Plaintiff moves to seal on the grounds that Defendants designated the material as confidential pursuant to the parties' stipulated protective order.

On January 17, 2017, the court granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment. [Docket No. 67.] On January 19, 2017, in response to a clerk's notice, Defendants submitted a supporting declaration pursuant to Local Rule 79-5(e). [Docket No. 69 (Baumgartner Decl., Jan. 19, 2017).] Defendants seek to seal five exhibits to the Lacy declarations.[1] For the following reasons, the administrative motions are granted in part and denied in part.

---

[1] Defendants ask the court to seal Exhibit C to the October 6, 2016 Lacy Declaration, which is also attached to the October 20, 2016 Lacy Declaration as Exhibit C. They also seek to seal Exhibits A, G, M, and N to the October 20, 2016 Lacy Declaration.

## II. DISCUSSION

The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). When a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id.* at 1179. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and internal quotation marks omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments."[1] *Id.* at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1179 (internal citations omitted) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Here, Defendants ask the court to seal the following four documents: 1) an audio recording of San Francisco Police Officer Edmund Huang's Office of Citizens' Complaints ("OCC") interview related to the incident at issue in the lawsuit; 2) the OCC's transcript of the video recordings of the Plaintiff's arrest; 3) portions of an OCC complaint summary report regarding Plaintiff's arrest[2]; and 4) a San Francisco Police Department ("SFPD") crime alert.

Defendants argue that the court should seal the first three documents because they are part

---

[1] In contrast, a "'good cause' showing . . . will suffice to keep sealed records attached to *non-dispositive* motions." *Kamakana*, 447 F.3d at 1180 (emphasis added) (citation omitted).

[2] Plaintiff submitted the OCC complaint summary report as two separate documents, Exhibits M and N to the October 20, 2016 Lacy Declaration, but they appear to be pages 3 through 5 of the same 11-page report. Therefore, the court will treat the two exhibits as one document.

of the personnel files of the officers involved in Plaintiff's arrest "and thus are confidential," citing *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987). Baumgartner Decl. ¶¶ 3, 4. They argue that there is "no reason to disclose these records" since the court found that the Defendant Officers did not violate Plaintiff's constitutional rights. As to the OCC's complaint summary report, which reported the OCC's decision sustaining portions of Plaintiff's complaint, Defendants argue that disclosure of this record "could result in a false conclusion that the officers actually committed . . . the alleged misconduct," even though the court granted Defendants summary judgment on Plaintiff's claims. *Id*. at ¶ 3.

The court finds that Defendants have not met their burden of showing compelling reasons to justify sealing the audio recording of the Huang interview or the OCC's transcript of the video recording of the incident. Defendants make the conclusory statement that the materials are confidential because they are part of the officers' personnel files, but it is not clear why Defendants rely on *Kelly* (and they do not provide a pin cite to that case). *Kelly* addresses the official information privilege; it does not address sealing in connection with dispositive motions. To the extent that Defendants assert the officers' privacy right in their personnel files, "[s]imply invoking a blanket claim, such as privacy or law enforcement, will not, without more, suffice to exempt a document from the public's right of access." *Kamakana*, 447 F.3d at 1185. These materials do not contain any particularly sensitive information about the officers. Moreover, the court relied on these materials in reaching its decision on summary judgment, and they are relevant and probative of Plaintiff's claims. *See, e.g., Hunter v. City & Cty. of San Francisco*, No. 11-4911 JSC, 2013 WL 2319064, at *3 (N.D. Cal. May 28, 2013) (declining to seal information that "played a central role in the Court's decision that Plaintiff's *Monell* claims could go forward," noting the information "could not be more probative to the Court's decision.").

As to the OCC's complaint summary report, the court mentioned this document in its decision as background information. It did not rely on report or the findings therein in reaching its decision on Defendants' motion for summary judgment. Given its lack of probative value, the court finds that the officers' privacy interest in the OCC's findings outweighs the public's interest in disclosure and seals the complaint summary report. *See, e.g., Pryor v. City of Clearlake*, No. C

3

11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (sealing information relating to Internal Affairs investigation of an unrelated incident relating to one of the defendant officers because it was lacking in probative value).

Finally, as to the internal SFPD crime alert, Defendants argue that the court should seal the crime alert because disclosure "could reveal investigatory and surveillance techniques." Baumgartner Decl. at ¶ 5. The court disagrees. The document contains photographs of two suspects that appear to be from a surveillance camera, along with a description of their alleged crimes, and provides a contact number for the investigating officer. It does not disclose any particularly sensitive or confidential investigatory or surveillance techniques. Accordingly, the court finds that Defendants' interest in maintaining the confidentiality of the crime alert does not outweigh the public's interest in the document and the court declines to seal the document.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's administrative motions to seal are granted in part and denied in part. Within seven days of the date of this order, Plaintiff shall file unredacted copies of all documents he originally conditionally filed under seal, with the exception of the OCC complaint summary report (Exhibits M and N to the October 20, 2016 Lacy Declaration).

**IT IS SO ORDERED.**

Dated: January 23, 2017



Donna M. Ryu
United States Magistrate Judge